NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERNARDA YESSENIA AVILA-
ROSAS; J.E. FERRER AVILA; M.T.
FERRER AVILA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-2191

Agency Nos.
A206-263-363
A208-919-844
A208-919-843

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS, Chief District
Judge.***

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Jennifer G. Zipps, United States Chief District Judge
for the District of Arizona, sitting by designation.

Bernarda Yessenia Avila-Rosas and her two minor children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") ruling affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  Avila-Rosas's asylum and related protections are based on her assertion that she fled Mexico following three violent incidents:  (1) the attempted kidnapping of a distant relative in 2012 during which the kidnappers threatened to kill Avila-Rosas's whole family; (2) the kidnapping of her two sisters and their husbands in 2014; and (3) threatening ransom calls that her partner received.  She claims she was targeted based on her membership in a particular social group ("PSG") consisting of "women in Mexico who have been victimized by organized crime units."  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[2]

"Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA."  *Hoque v. Ashcroft*, 367 F.3d 1190, 1194

---

[1]  Avila-Rosas's asylum application lists her two minor children as derivative beneficiaries.

[2]  Avila-Rosas waived her claim relating to the BIA's denial of her motion to terminate proceeding for lack of jurisdiction because she failed to argue this claim in the body of her opening brief.  *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006).  Regardless, Avila-Rosas's argument is unavailing because we have held that the failure to include a date and time on a hearing notice does not deprive the immigration courts of jurisdiction.  *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

(9th Cir. 2004). We review the BIA's factual findings under the highly deferential substantial evidence standard, and its legal conclusions de novo. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Under the substantial evidence standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

1.    Substantial evidence supports the BIA's determination that Avila-Rosas failed to establish past persecution.[3] "To establish past persecution, an applicant must show [s]he was individually targeted on account of a protected ground rather than simply the victim of generalized violence." *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021). Beyond the one instance in 2012 where Avila-Rosas happened to be at a location where she witnessed the attempted kidnapping of a distant relative and Los Zetas made a general threat to everyone present, she testified that neither she nor her children have been personally or directly threatened or physically harmed by anyone in Mexico. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find

---

[3]    Our caselaw is inconsistent regarding the proper standard of review—substantial evidence or de novo—to apply when assessing the BIA's determination about whether past harm reaches the level of persecution. *See Flores Molina*, 37 F.4th at 633 n.2. We need not resolve that conflict here because Avila-Rosas's claim fails under either standard. *See id.* (noting that courts need not decide which standard of review applies when the result would be the same under either).

persecution where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))).

2.      Substantial evidence also supports the BIA's determination that Avila-Rosas's fear of future persecution was not objectively reasonable. As evidence of her fear of future persecution, Avila-Rosas cites to country conditions showing "serious human rights concerns" and "rampant corruption" in Mexico. But this evidence does not address her specific situation or demonstrate that she will be "singled out individually for persecution" if she is removed. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).[4]

Because the asylum standard is more lenient than withholding of removal's "clear probability" standard, Avila-Rosas's failure to establish eligibility for asylum forecloses her eligibility for withholding of removal. *See Sharma*, 9 F.4th at 1066.

3.      Finally, substantial evidence supports the BIA's determination that Avila-Rosas is ineligible for CAT relief. Avila-Rosas did not testify that she was

---

[4]    Avila-Rosas's failure to demonstrate past persecution or a well-founded fear of future persecution disposes of both her asylum and withholding of removal claims. Therefore, we need not address whether Avila-Rosas's proposed PSG is cognizable or whether she has demonstrated a nexus between her claims of persecution and her proposed PSG. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

tortured or that she fears torture if she returns to Mexico. She testified that she fears being persecuted by Los Zetas but concedes that neither that group nor any other has personally or specifically harmed or threatened her in the past, let alone tortured her. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden."). Though she cites country conditions to support her claim, such evidence does not demonstrate that Avila-Rosas, in particular, faces a risk of torture. This is fatal for her CAT claim. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (upholding the denial of CAT relief where "country reports submitted do not indicate any particularized risk of torture").

**PETITION DENIED.**